UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| PAUL EUGENE VEAL,<br><br>　　　　Plaintiff,<br>　v.<br>INTERNAL REVENUE SERVICE,<br>　　　　Defendant.<br>_____/ | No. C 11-04148 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 11] |

## I. INTRODUCTION

The United States of America[1] moves to dismiss pro se Plaintiff Paul Eugene Veal's complaint, which seeks to enjoin the Internal Revenue Service from attempting to collect taxes from Plaintiff for the years 2006-08. Motion, ECF No. 11 at 1.[2] Both parties have consented to the court's jurisdiction. ECF Nos. 4 and 12. Defendant did not timely file an opposition to Plaintiff's motion. *See* N.D. L.R. 7-3(a) (requiring opposition briefs to be filed within fourteen days after the motion is

---

[1] The government argues that Plaintiff improperly named the Internal Revenue Service as a defendant and that the United States of America should be substituted. Motion, ECF No. 11 at 1 n.1. The case law supports the government's contention that the proper party in this litigation is the United States. *See Blackmare v. Guerre*, 342 U.S. 512, 514-15 (1952).

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER GRANTING MOTION TO DISMISS
C 11-04148 LB

served and filed).  After considering the case history, moving papers, and law, the court determines that this matter is appropriate for resolution without oral argument.  N.D. Cal. L.R. 7-1(b).  The court grants Defendants' motion to dismiss because Plaintiff did not comply with the necessary administrative procedures and the United States has not waived its sovereign immunity.

## II.  FACTS

Plaintiff alleges that he was laid-off from work on June 8, 2011, and he has been unemployed since then for a total of approximately 38 months.  Complaint, ECF No. 1 at 1.  He alleges that he was illegally incarcerated for a total of 20 months during that time.  *Id.*  He states that he had no opportunity to pay his past-due taxes, penalties, and interest totaling approximately $7,500.  *Id.*  He contends that the statute of limitations for the collection of these tax years has been exceeded.  *Id.*  He requests complete and full injunctive relief of his tax liability of the years 2006, 2007, and 2008.  *Id.*

## III.  LEGAL STANDARD

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim.  Federal subject-matter jurisdiction must exist at the time the action is commenced.  *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge).  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987).  A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs."  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
///

## IV.  DISCUSSION

The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985).  Taxpayers have the burden of showing that the United States has waived its sovereign immunity.  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

Here, Plaintiff seeks to restrain the collection of his tax liabilities.  Complaint, ECF No. 1 at 1.  But this claim is barred by the Anti-Injunction Act.  The Anti-Injunction Act provides, subject to specific statutory exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  Plaintiff has not alleged, and it does not appear, that he falls within a statutory exception.

With regard to federal income taxes, there are two means by which Plaintiff may contest his putative tax deficiency.  A taxpayer contest a putative deficiency by following the Internal Revenue Service's administrative process.  *See* 26 U.S.C. § 6213.  And, after going through this process, a taxpayer ultimately may contest a deficiency in the United States Tax Court, without first paying the deficiency.  *See Williams v. U.S.*, 243 Fed.Appx. 236, 237 (9th Cir. 2007) (citing 26 U.S.C. § 6213).  Alternatively, a taxpayer may pay the tax at issue in full and then file a suit seeking a refund in a district court.  *Id.* (citing 26 U.S.C. § 7422; *South Carolina v. Regan*, 465 U.S. 367, 386, (1984)).

Additionally, the Supreme Court has held that a pre-enforcement injunction against the assessment or collection of taxes may be granted if it is clear that under no circumstances could the government ultimately prevail and if equity jurisdiction otherwise exists.  *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962).  Here, Plaintiff's only argument that the government cannot prevail is that the statute of limitations has passed for the years at issue.  Complaint, ECF No. 1 at 1.  But the Internal Revenue Service may collect taxes by levy or court proceeding within ten years after the tax was first assessed.  26 U.S.C. § 6502.  Thus, the exception to the Anti-Injunction Act does not apply.

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant's motion to dismiss without prejudice.

ORDER GRANTING MOTION TO DISMISS
C 11-04148 LB

3

Plaintiff may file an amended complaint within fourteen days if he can allege specific facts that cure the deficiencies described above.

This disposes of ECF No. 11.

**IT IS SO ORDERED.**

Dated: November 14, 2011

_____
LAUREL BEELER
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS
C 11-04148 LB
4